OPINION
Shawn Smith is appealing from the sentence imposed upon him by the Common Pleas Court of Miami County, Ohio, following his plea of no contest and a finding of guilty by the court to the charge of gross sexual imposition, which is a violation of R.C.2907.05(A)(1), a felony of the fourth degree. Smith's sole assignment of error is "the trial court erred in imposing the maximum sentence pursuant to O.R.C. 2929.14(C) where it did not find or set forth factors supporting its finding that appellant committed the worst form of the offense or that appellant posed the greatest likelihood of committing future crimes."
The statute quoted in the assignment of error provides, in relevant part, that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to Division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under Division (3) of this section and upon certain repeat violent offenders in accordance with Division (2) of this section." Smith was sentenced to the maximum prison term for the offense, eighteen months. The following is that portion of the sentencing hearing transcript which is relevant to the issue posed before us.
 THE COURT: Okay. The first thing I always do is go over the criminal record of all Defendants. I'm going to do that in this case.
 At age eighteen you were convicted of Attempted Drug Abuse, received probation, and then you were revoked.
 At age twenty you were convicted of Unauthorized Use of Property and received probation. Also at age twenty you were convicted of No Operator's License.
 Then on January 12th, 1996 you committed Domestic Violence. You were placed on probation on a suspended thirty day jail sentence and you were revoked on that.
 On 5-14-96, when you were 21, you were convicted again of Domestic Violence. You were given probation again and revoked. Also, that same year you were convicted of Driving Under Suspension and you were — you failed to appear at trial, failed to appear at sentencing, but you were placed on probation.
 Then you were convicted of No Operator's License and Failure to Control. You failed to appear at the Change of Plea, but you were granted probation on Count One.
 Also, you were convicted of Criminal Damaging. You received probation and you were revoked on that. You failed to appear and you failed to report on probation.
 At age 23, you were convicted of Obstructing Official Business, received thirty days in jail, and then you received a conviction on this offense.
 Under the recidivism factors, which are the factors that would indicate whether or not it's likely that you'll reoffend, I find that there are three factors out of the five that appear in this case. First, that you have an extensive adult criminal history and, therefore, you have a history of criminal convictions. You have failed to respond favorably in the past to sanctions imposed for criminal convictions, and that's due to your history of probation revocations and continued criminal activity after those. Tr. 8-9.
* * *
 As far as seriousness factors, I find that there are two factors that cause this case to be more serious than the average offense of this nature. One is the — the victim suffered serious physical, psychological harm as a result of the offense, and that she suffered severe bruising around her face and neck and was repeatedly sexually assaulted, as well as degraded, and that the relationship with the victim facilitated the offense and that she was your girlfriend.
 I find also that the crime is a sex offense, and there was an attempt to cause or make an actual threat of physical harm to the victim.
 I find that the Defendant is not amenable to an available community control sanction and since — because of the extensive criminal history and history of poor supervision and adjustment on probation and all the revocations that I've already previously indicated to everyone.
 Based upon the foregoing, it's the sentence and order of the court for the following reasons that the — I believe that the Defendant committed the worst form of the offense and poses the greatest likelihood of committing future crimes, and therefore it's the sentence and order of the Court that the Defendant serve eighteen months in prison. He's to be — He's to serve five years of post-release control, and on post-release control he is to successfully complete sex offender counseling and rage counseling. He's to abide by the standard drug and alcohol abuse treatment conditions of the Court, and he is to have no contact with the victim or the victim's immediate family, and pay the costs of the matter. Tr. 10-11.
The trial court followed up a week later with a sentencing entry in which the court listed the factors it had found and concluded that Smith "committed the worst form of the offense and he poses the greatest likelihood of committing future crimes." Docket 10, page 2.
The four justifications for imposing a maximum sentence that are listed in R.C. 2929.14(C) are in the disjunctive, and therefore, the court may impose the longest sentence if it finds the offender fits under any one of the four categories.
In the case before us, it is clear from the sentencing hearing transcript, as well as the written entry of the court, that Smith's very extensive criminal history and his consistent failure to abide by his terms of probation for previous offenses, as set forth by the trial court, amply justified the court's finding that Smith poses the greatest likelihood of committing future crimes. Under this sentencing provision, the court is not required to explain in detail its reasons for its finding, as the General Assembly has required under other sentencing provisions. See State v. Edmonson (1999), 86 Ohio St.3d 324. Here, actually, the trial court did set forth its reasons for both of its findings that Smith is likely to commit future crimes, and that in this case he committed the worst form of the offense, and we find no error on its part in imposing the longest possible term sentence.
The assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and FAIN, J., concur.